Andrew D. Skale (SBN 211096)
askale@mintz.com
Ben L. Wagner (SBN 243594)
bwagner@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Rd., Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile:  (858) 314-1501

Attorneys for Plaintiff
BUSTED TRANNY PRODUCTIONS, LTD.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUSTED TRANNY PRODUCTIONS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> XENON PICTURES INC., a California limited liability company, <br><br> Defendant. | Case No. **'16CV1149 BTM MDD** <br><br> **BUSTED TRANNY PRODUCTIONS, LTD.'S COMPLAINT FOR:** <br><br> **1) TRADEMARK INFRINGEMENT** <br> **2) UNFAIR COMPETITION** <br> **3) UNJUST ENRICHMENT** <br> **4) COPYRIGHT INFRINGEMENT** <br><br> **JURY DEMAND** |

COMPLAINT

Plaintiff BUSTED TRANNY PRODUCTIONS, LTD. for its Complaint against Defendant XENON PICTURES INC., alleges and states as follows:

## THE PARTIES

1. Plaintiff Busted Tranny is a Canadian limited company with its principle place of business located at 1625 Shelbourne ST. SW Calgary, Alberta, T3C 2L2.

2. On information and belief, Xenon is a California corporation with its principle place of business at 1440 9th St, Santa Monica, CA 90401. Welcome to Death Row and Straight Outta Compton are films released by Xenon from its California location, the latter grossing over $160 million in the U.S. alone.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims and causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1332 because this dispute is between citizens of complete diversity, including a California corporation with its principle place of business and headquarters in Los Angeles, California, and a Canadian company with its headquarters in Alberta, Canada, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. In addition, because this action arises under the copyrights and trademark laws of the United States, this court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright and trademark).

5. This Court has personal jurisdiction over Defendant because Defendant has extensive minimum contacts with the State of California, has its principle place of business here, and as such the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Defendant has purposefully availed itself to the privileges and the laws of California, and continuously, systematically, and purposefully conducted business within this District, including but not limited to offering for sale and selling digital media and the motion picture entitled "Fubar."

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. §1400(a) because a substantial part of the events or omissions giving rise to the claims occurred in this district and the Defendant resides in this district by virtue of being subject to personal jurisdiction in this judicial district by, among others, their repeated availment and direction of their activities toward this district.

## FACTUAL BACKGROUND

7. Busted Tranny entered into a series of agreements in 2001 and 2004 giving Odeon Films, Inc. ("Odeon") a limited right to distribute the theatrical motion picture "FUBAR" ("Fubar") in the United States in return for Odeon paying to it a substantial portion of the revenues (the "Distribution Agreements").

8. On information and belief, Odeon (and its successors) selected Xenon to assist in its efforts, without any notice or express authorization from Plaintiff.

9. Xenon's Fubar DVDs were sold in the United States for a number of years:



10. The Fubar movie was a motion picture success, for example grossing $1,079,244 (CAN), which equals $848,662 (US), in Canadian DVD sales alone. The unauthorized sales of Xenon's copies of the Fubar DVD in the United States has generated at least $850,000 (USD), and neither Xenon nor Odeon have paid the required portions of these revenues to Busted Tranny.

11. However, Odeon and its successors Echo Bridge and Alliance International never paid a single dollar of their United States sales to Busted Tranny, pocketing all revenues for themselves.

12. When Echo Bridge and Alliance International refused to explain or correct their wrongful conduct, Busted Tranny terminated the Distribution Agreement and brought suit in the Southern District of California for breach of contract and copyright infringement (Case No. 3:2015-cv-00569). The case sought unpaid royalties and damages for copyright infringement. The case was settled, and any remaining rights under the Distribution Agreement were forfeited by Echo Bridge and Alliance International.

13. Xenon never obtained rights to participate in the distribution of Fubar, and was never mentioned to Busted Tranny by either Echo Bridge or Alliance International. But even if Xenon somehow had some cover by the Distribution Agreement, any agreement between Xenon and Odeon (and/or its successors) expired at the end of 2013, and the Distribution Agreement was itself terminated at the beginning of 2015 along with any claim of right Xenon might have previously made.

14. On February 4, 2016, Busted Tranny provided Xenon with written notice of its unauthorized uses of Busted Tranny's Fubar movie. A true and correct copy of the notice letter from Busted Tranny's counsel to Xenon is attached as **EXHIBIT A** and is hereto incorporated by reference. Xenon has disregarded the letter, continued its sales of Fubar DVDs, and ignoring the notice.

15. Busted Tranny is, and at all relevant times has been, the owner of United States Registered Copyright No. PA00011003005 in the Fubar movie (the

"Copyrighted Production") by virtue of written assignment of all copyright interests.

16. Busted Tranny is also the owner of the trademark "Fubar," a mark that it has used in the United States since on or around 2001 in connection with its Copyrighted Production, its series of FUBAR movies, and related products (including posters). That mark has gained prominence through distribution of its film, nationwide promotions, and the "cult classic" nature of its films.

### FIRST CLAIM FOR RELIEF

### TRADEMARK INFRINGEMENT
### LANHAM ACT (15 U.S.C. § 1125)

17. Busted Tranny realleges all allegations in this Complaint as if stated herein.

18. Busted Tranny is the owner of the mark FUBAR throughout the United States, by virtue of its prior adoption and use in commerce at least as early as May 24, 2002, and the pervasive and consistent use of the mark in connection with the sales and promotion of the cult classics Fubar and Fubar II. Busted Tranny has accordingly reached market penetration in the entire geographic area of the United States.

19. Xenon is offering the Fubar movie for sale, a counterfeit use by an entity that previously was associated with the authorized distributor. Consumers are unable to distinguish the lack of authority from Busted Tranny as the owner of the FUBAR trademark.

20. Xenon has failed to affirmatively distinguish itself to avoid the misimpression that it is a part of Busted Tranny's authorized distribution system, and on information and belief, its actions are intentionally aimed at portraying itself as having an authorized affiliation with Busted Tranny's FUBAR brand.

21. As a result, on information and belief, consumers have been confused and are likely to be confused into believing there is an association or affiliation between Busted Tranny and Xenon.

22. As a direct and proximate result, Busted Tranny has suffered compensatory and consequential damages in an amount to be proven at trial, but in an amount of at least $850,000 (USD).

23. Busted Tranny is informed and believes, and on that basis alleges that Xenon willfully, intentionally, maliciously, deliberately and in bad faith infringed Busted Tranny's mark, including its unauthorized counterfeit sales.

24. This case qualifies for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

25. Busted Tranny's remedies at law are not adequate to fully compensate for injuries inflicted by Xenon, and accordingly, Busted Tranny is entitled to temporary, preliminary and permanent injunctive relief.

26. Further, Xenon has been unjustly enriched by its willful attempt to trade off its affiliation with Busted Tranny and its FUBAR mark. Also but-for its actions, Busted Tranny would have made the sales that these wrongful sales deprived Busted Tranny of making. As a result of Xenon's willful infringement, Xenon is entitled to the profits from Xenon's resulting product sales and/or other revenue streams.

27. Xenon's actions were willful, intentional, oppressive, deliberate and in bad faith, such that punitive damages are justified and reasonable, at an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF

**UNFAIR COMPETITION
LANHAM ACT (15 U.S.C. § 1125), COMMON LAW,
CAL. BUS. & PROF. CODE § 17200 ET SEQ**

28. Busted Tranny realleges all allegations in this Complaint as if stated herein.

29. Xenon has engaged in unfair competition by the acts alleged above, including *inter alia*, selling DVDs of the Fubar movie through Amazon and other channels to consumers who are unaware that they are buying unauthorized copies of Fubar (in fact, leading consumers to unintentionally engage in infringement).

30. Xenon's acts and omissions alleged above constitute unfair business practices because the harm of these business practices outweighs the utility, if any, of these business practices, and are unscrupulous and injurious to consumers.

31. Xenon's acts and omissions alleged above constitute unlawful business practices because Xenon's conduct is forbidden by multiple laws, including but not limited to 15 U.S.C. § 1125(a), as well as the common laws, laws of the State of California and laws of the United States.

32. Xenon's acts and omissions alleged above constitute fraudulent business practices because consumers are likely to be deceived.

33. As a direct and proximate cause, Busted Tranny has suffered compensatory and consequential damages in an amount to be proven at trial, and is entitled to disgorge Xenon profits, in an amount of at least $850,000 (USD). This damage includes loss of goodwill and dilution of its national Busted Tranny brand.

34. As a direct and proximate result of Xenon's wrongful acts, Busted Tranny has suffered and continues to suffer pecuniary losses and irreparable injury to its business reputation and goodwill, including in the form of dilution and continued harm to goodwill of its national Busted Tranny brand. As such, Busted Tranny's remedies at law are not adequate to fully compensate for injuries inflicted by Xenon. Accordingly, Busted Tranny is entitled to temporary, preliminary and permanent injunctive relief.

35. Busted Tranny is informed and believes, and on that basis alleges that Xenon's actions were willful, intentional, oppressive, deliberate and in bad faith, such that punitive damages are justified and reasonable, at an amount to be proved at trial.

36. Xenon willfully, intentionally, maliciously, deliberately and in bad faith infringed Busted Tranny's brand, thus this case qualifies for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT

37. Busted Tranny realleges all allegations in this Complaint as if stated herein.

38. Xenon has benefitted and been unjustly enriched at the expense of Busted Tranny as a result of the conduct alleged above.

39. The conduct alleged above is such that, as between the two parties, it is unjust for Xenon to retain this benefit.

40. Busted Tranny is entitled to the amount of this benefit, to be determined at trial, but in an amount of at least $850,000 (USD).

### FOURTH CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501 ET SEQ.

41. Busted Tranny realleges all allegations in this Complaint as if stated herein.

42. Xenon has made unauthorized copies, offers for sale and sales of the copyrighted Fubar movie (United States Registered Copyright No. PA00011003005), which copyright belongs to Busted Tranny in the United States. These acts constitute copyright infringement.

43. As a result of Xenon's infringement of Busted Tranny's copyright and exclusive rights under copyright, Busted Tranny is entitled to $150,000 in statutory damages pursuant to 17 U.S.C. § 504(c) for Xenon's willful infringement of the Copyrighted Work. Busted Tranny is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. §505. Busted Tranny is also entitled to its damages in an amount to be established at trial, but not less than $850,000 (USD).

44. The conduct of Xenon is causing and, unless enjoined and restrained by this Court, will continue to cause Busted Tranny great and irreparable injury that cannot fully be compensated or measured in money. Busted Tranny has no adequate

remedy at law.

45. Pursuant to 17 U.S.C. §§ 502 and 503, Busted Tranny is entitled to injunctive relief prohibiting Xenon from further infringing Busted Tranny's copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Busted Tranny, prays this Court awards:

1. Judgment in favor of Busted Tranny and against Xenon on all claims;
2. An order temporarily and permanently enjoining Xenon from trademark infringement, unfair competition, and copyright infringement as set forth in this complaint;
3. An order temporarily and permanently enjoining Xenon from distributing, offering to sell and selling the FUBAR movie;
4. Compensatory damages in an amount to be determined at trial, but in an amount of at least $850,000;
5. Xenon's unjust enrichment and profits, in an amount of at least $850,000;
6. Treble or otherwise enhanced damages for willful infringement;
7. Statutory damages under 15 U.S.C. § 504 of $300,000 or such other amount as determined by the Court;
8. Exemplary and punitive damages in an amount to be determined at trial;
9. Restitution as allowed by law;
10. Pre-judgment interest at the legally allowable rate on all amounts owed;
11. Costs, expenses, and reasonable attorneys' fees pursuant to, among others, 15 U.S.C. § 1117, 17 U.S.C. §505, and/or the common law; and
12. Such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  May 12, 2016 | MINTZ LEVIN COHN FERRIS GLOVSKY &  POPEO |
| | By: *s/Andrew D. Skale*  <br>       Andrew D. Skale, Esq. <br>       Ben L. Wagner, Esq. |
| | Attorneys for Plaintiff <br> BUSTED TRANNY PRODUCTIONS, LTD. |

# **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

Dated: May 12, 2016

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By: *s/Andrew D. Skale*
Andrew D. Skale, Esq.
Ben L. Wagner, Esq.

Attorneys for Plaintiff
BUSTED TRANNY PRODUCTIONS, LTD.